Next case is Vincent Wilkerson v. Superintendent Fayette SCI Mr. Garland, your honors Assistant District Attorney Max Kaufman for the Commonwealth I'd like to reserve five minutes for rebuttal That's fine. If I tell you right up front, we're going to go well into extra innings here So we have a lot of questions in this case And I'm going to preempt you, if you don't mind, to try to channel the discussion a little bit One of the things that's curious about this case is the sentencing challenge But yet, the double jeopardy language sort of evokes a challenge to the validity of the convictions themselves Do you see any meaningful distinction between the validity of the convictions or the validity of the sentences? Or is that sort of a red herring? Well, I think it points out that the claim was not exhausted in state court Because a merger claim implicates the sentence So the fact that the sentence of relief was not granted indicates it's a merger claim Not a double jeopardy claim that was raised in state court And thus, there's a failure of exhaustion Well, doesn't Anderson say to the contrary, though? It seems that the federal double jeopardy claim was fairly presented to the state court by virtue of the citation of Anderson Well, that's what Harmon held, Your Honor, and we do dispute that But it's not really dispositive here because we think we prevail on the merits But I would say that this tension that we recognize between the sentencing and the conviction does point out that it's actually a merger claim Which is evaluated under a different standard in state court Which did not exhaust the double jeopardy claim in federal court But we have- McCandless tells us that there are different categories of ways that one can fairly present a claim to state court One is the reliance on state cases that employ a constitutional analysis In a light-track situation, Your Honor, and we submit that Anderson also did not involve a light-track situation Because it involved a single criminal act, whereas in this case, you have multiple criminal acts And also, that McCandless decision would seem to be in tension with Baldwin Which holds that if you have to read beyond the plaintiff's briefing to ascertain a federal question Then that's not sufficient for exhaustion purposes And that would be the case here There's nothing in the particular case- Let's focus on that Because they did raise a constitutional issue in the intermediate court But the petition for allowance of appeal dropped some of those, right? It just went up to the superior court All of the superior court was sent that Anderson decision And there was nothing in the body of the briefing which indicated that it was a federal claim The court would have had to go and read the Anderson decision And see that there was some discussion of double jeopardy embedded in that opinion To discern a potential federal claim in this case And the U.S. Supreme Court's decision in Baldwin says that's not good enough Drive-by citation to a state case which has some federal discussion hiding away in it Is not sufficient for exhaustion purposes Well, but if it's a state case that's in perfect overlap with a federal constitutional right As is the case here between merger and double jeopardy That's just Pennsylvania law We can't change that If you think that's incorrect, we can't do anything about it Well, I think the problem with Anderson though is it got federal law wrong Because it construed the double jeopardy clause to be- That analysis to be continuous with Blockburger Right, but we can't change that We have to- We're not bound by what the state court says about federal law We're bound by what the state court says about state law But we're looking at the question of whether the state court had- Was on fair notice that there was a federal constitutional claim presented Now that the state court, because it held in Anderson that they are the same So it's like- Isn't the point that a citation to Anderson Would have put the superior court on notice that there was a federal double jeopardy claim That was being raised by way of that citation We certainly don't concede the default question here, your honor But we would submit that 2254b2 allows this court to address the merits Notwithstanding any potential failure to exhaust And we would submit that that probably is the preferable approach in this case Because the procedural default question is complicated We're not daunted by the complication We want to make sure we get it right And we're told under ENFA that we have to decide the procedural default question Our jurisprudence, we have to decide the procedural default question first, right? Right, correct, correct, your honor So help us work through that Let's say- The citation to Anderson is really raising the issue of whether When something is a lesser-included offense of another crime What the test will be to determine whether they're the same for double jeopardy purposes Right? Anderson applied a state law merger to a situation where there was a single criminal act So we submit it doesn't involve a federal constitutional analysis And it doesn't involve sentences, right? Correct And it doesn't involve similar facts So even assuming you can exhaust via drive-by citation to a state court case Anderson didn't do it for this petitioner That's our position, we give the citation to Anderson All right, so that gets to the point here that the superior court made a determination Some would say factual, I'm not sure that's right But in many events, the superior court made a determination that there were two separate crimes at issue here Correct? Correct And do you view that as a factual determination or a legal determination that the evidence was sufficient I'm sorry That the evidence was sufficient to find two criminal acts I view it as a factual determination, but it's not just me This court and Harmon repeatedly- Yeah, we write in that Harmon's an NPO, right? Yes, it is, your honor We're not bound by it, but why- You're not bound by it, but that's a recent decision, you're saying that you- But why is it factual? I mean, we do a lot of appeals where we're reviewing sufficiency of the evidence And I think we've typically viewed that as a legal determination Is the evidence of record, such as it is, legally sufficient to convict? Well, as this court noted in Eli, there can be factual questions along the way to deciding a legal question In Eli, it was a sufficiency claim This court held that there was a binding fact-finding by the state court in the context of a sufficiency analysis And I think the same would hold true in this case So what facts were found by superior court That the acts of pistol-whipping this victim twice And then stepping back and shooting him in the chest Were two distinct and separate criminal acts Isn't that a legal conclusion? Well, again, Harmon says that it's a factual question But again, Harmon is an NPO We're looking at this case that's been presented to us Without Third Circuit precedential opinions that govern it Okay. Well, Harmon, it was a reasonable decision to decide on this issue I understand you're not bound by it And I don't think it's necessarily an outcome of determinative Whether it was a factual or a legal determination If it was a legal determination, there's still a right to affirm if it was reasonable under D-1 I'm not even going to say if there's no clearly established law that violated it that we affirm Well, that's certainly true as well Can we just step back before we get to the standard that we use And whether epidefference is appropriate Even if we're not persuaded that the citation to Anderson is enough to get over a procedural defraud McCandless often has categories of an assertion of a claim in terms of particular call to mind A specific right protected by the Constitution An allegation of a pattern of facts as well within the mainstream of constitutional litigation Our court has held after Baldwin that McCandless is still good law And that these categories are still the ones that we look to Why wouldn't the claim that was raised in the state court Putting Anderson aside But just the argument that's being raised that I've been punished twice here for the same act Doesn't that fit into the third and fourth categories in McCandless? The question initially is what was the legislature's intent We have no argument along those lines They went directly to Blockburger Now, that's only an alternative if the legislature's intent is unclear I'm sorry, what legislative intent are you talking about? The legislature's intent to impose multiple punishments It's only an alternative that you go to Blockburger The language that you're talking about referred to Blockburger That is the test under the state merger law doctrine Not under the federal public equity clause The question is when someone is making an argument That argument alluded to Blockburger Which is the standard for a state merger claim Does that require a state court in evaluating the claim that's been raised To address two issues Are there two separate offenses where the elements don't overlap But also, are there two different acts? What would the state court think if confronted with that language? Our answer is they would think it was a state law merger claim Challenging the sentence That's what he's asking for law appeal Is to have the sentence vacated But of course the remedy for a double jeopardy violation Is to have the conviction vacated And that's not what he's asking What do we do with the fact that the superior court here In its decision, whatever arguments were raised In its decision, it's addressing there being enough for two separate convictions Right, right Well under the Dodd's case, in terms of determining exhaustion You don't look at what's in the court's opinion You look at what the petitioner argued What they raised And we submit and raise the state law merger claim But again, I would like to steer you back Even if it is exhausted, we do submit that this claim fails on the merits Alright, let's say we get past exhaustion Then before we get to merits, we often need to think about What is our standard of review? And if we think that the state court was presented with a double jeopardy claim And the standard, the test that it then articulates to address that claim Is sufficiency of the evidence How does that comport with Supreme Court precedent In terms of the proper approach to a double jeopardy claim? In the context of determining whether there were separate acts That's in accordance with it That's the approach that the first part of Blockbuster used Blockburger, excuse me Used to determine whether there were separate criminal acts Supporting multiple punishments So it's obviously in accordance with Supreme Court precedent But at a minimum, it's not a clear violation of any Supreme Court precedent But if you're really presenting with a double jeopardy problem With a lesser and greater included offense Sufficiency of the evidence would answer the question as to both I mean, if the evidence is sufficient to support the greater included offense It's certainly going to be sufficient to support the lesser included offense How could that be the test to determine double jeopardy? The reviewing court looked at whether the evidence Determined that there were separate criminal acts And as much as Blockburger, this court has done similar things In the Koren case, in the Finley case And in the recent Harmon decision Which we all agree is not precedential But it's a recent case involving a similar claim I would say that that approach, that sufficiency approach Is consistent with Supreme Court precedent But at a minimum, there's no clearly established federal law Saying that that's wrong And that's what you have to show We don't look to whether it's clearly established We aren't applying adequate deference On if the test that was used by the state court Was contrary to or an unreasonable application on Supreme Court case law Well, that's what you have to determine But you have to find, to not apply epideference You have to determine if it's a Supreme Court decision That this advances this approach clearly violated And there was also argument that they addressed the merger issue And then proceeded to discuss the sufficiency of the evidence Well, let's go back to where the sufficiency of the evidence Is really a way that we can even think about a double jeopardy problem So say we have a case where on the record There is evidence that could theoretically lead a reasonable jury To find two separate acts But in the indictment, the two offenses are charged as to wit Both pointing to a shooting For both of the greater and lesser-included offense Based on the shooting on the same day And that's the argument in closing That's jury instructions Where the jury is expressly told That saying that would provide a basis for conviction Would we really say that those things aside What we look to is sufficiency of the evidence of the trial record Well, isn't it suggestible that the jury has to find separate criminal acts And the case of Oregon v. Ice forecloses that It says that apprendi does not apply in the multiple punishments context So that argument is clearly foreclosed by Oregon v. Ice We're trying to hear about double jeopardy And what test we use to ascertain if there's one or two acts  What the relevant aspects of the trial record are What the blocker tells us is that it's the reviewing court Analyzing the totality of the evidence And seeing whether it supports two separate acts And Oregon v. Ice says it's not a jury question Apprendi has no place here Sufficiency of the evidence generally directs us to look at What evidence there was presented to a jury Right? Sure So, again, going to my hypothetical If we have a charging instrument That is identifying the same act as the basis for The lesser and the greater included offense And say there are jury instructions where the judge has told the jury That it can find the greater and lesser on the basis of the very same act Which we don't have here That's why it's a hypothetical As a matter of federal double jeopardy law Is it your position that the sufficiency of the evidence Of the trial record alone Would avoid a double jeopardy problem Despite the jury having been told it can convict on the basis of the same act? Yes, and it's not just my position It's, again, the approach that was taken in Blockburger And that this court has taken in Finley and Koren and in Harmon How do you square that with the Supreme Court's articulation in Ash Of what the appropriate It's a collateral estoppel case It's a double jeopardy case, isn't it? Well, yeah, but that's defining it at such a level of abstraction That double jeopardy covers a variety of things This particular aspect of double jeopardy Revolves around multiple punishments Not whether there's a jury finding at a prior trial that binds Binds the prosecution in a second proceeding That's entirely different There, of course, the question about what the jury found and didn't found Is absolutely critical But here we have a very difficult reward trial And the question is whether multiple punishments were permitted Based on what were clearly, under the evidence, separate criminal acts Why should it make a difference When the question in double jeopardy Is whether the jury is convicting for the same Are there multiple punishments for the same act Or the same offense being retried Why would it matter if we're talking about two counts That are based on the same act Or subsequent prosecutions Each involving one of those counts Because Orvid really says we don't need a jury finding here That a prendy is inapplicable to multiple punishments And, you know, Arkansas instructed the jury And what was in the charging indictment Presupposed that the jury has to find Separate criminal acts in this context And Orvid, to the ice, says no And there certainly is no Supreme Court decision saying yes And at the deference, then the Commonwealth has to prevail I'm still not following If what we look at in double jeopardy Comes down to whether someone is being prosecuted Twice for the same offense, the same act Or statutes that have the same elements Why would there be a difference in the test that we use As the court did in Ashe Dealing with a verdict in one case And in subsequent prosecution Analyzing whether that was a statute with the same elements Or for the very same act as the prior Different standards I mean, just, it was clear I know it was not presidential But in Harvard, applied what was effectively A sufficiency analysis The reviewing court took a look at the evidence And determined whether it supported separate criminal acts And concluded that it did not And that approach is consistent with Blackburger Consistent with Corrin Consistent with Finley So there was ample precedent for that And none of those cases Studied or relied on Ashe Or pursued that approach But doesn't Ashe help you? I mean, you're fighting it hard But doesn't Ashe actually help the government here? In terms of? Well, the prosecution The position of The defender, as I understand it Is that we should focus only on the Indictment And jury instructions In Ashe Albeit dealing with collateral stumple The court is looking at Whether the prior verdict Which happened to be an acquittal Was based on the same acts Which formed the basis for this absolute prosecution And it says that you look to The entire trial record Including the evidence that was presented at trial It also Seems to Articulate as a test So you look at whether The jury could have Based that prior verdict Whatever it was On other acts And if so Then it doesn't give rise to a double jeopardy violation Both of those points would seem to assist the government The latter point Our point is Essentially that what the jury did or did not find Is irrelevant And we think that Oregon v. Ice Strongly supports that view When you talk about You're talking about The need for us to defer to the Superior Court's decision Right In what's been characterized I think in Judge Diamond's opinion as Wilkerson too In that decision they decided that that was an incorrect View of the facts, right Judge Diamond's decision Decided that the Superior Court In denying the merger argument Well he converted the claim into a jury instruction claim So he fell into this view That the jury was obliged To find the separate criminal acts And he couldn't determine beyond a reasonable doubt That they did base the conditions on separate criminal acts So he created relief And there was no case law cited for that In that portion of the opinion, right? That's beyond us Estelle No, Your Honor Estelle's just the general jury instruction case, correct? What did the Superior Court decide in Wilkerson too? It decided that there were separate criminal acts committed When Wilkerson beat the victim Right And then shot him And thus the merger doctrine The state law merger doctrine was not implicated Anything else? Thank you Mr. Connell We'll hear you on rebuttal Thank you Thank you, Your Honor Ms. Polsetti? Good morning, Mr. Court Good morning, Ms. Polsetti Representing Vincent Wilkerson I want to start with the exhaustion issue And then we'll talk about the claim I think the court is absolutely aware And we're doing our best To look into this Court's testimony And there is a string That reminds us of eight cases Imploring constitutional analysis On the exact situation As far as exhaustion In the hand of the Supreme Court The Pennsylvania Supreme Court Relied a lot further And said that it was requiring double jeopardy analysis And double jeopardy analysis In Pennsylvania is identical to merger analysis But aren't we looking to whether A claim was fairly presented And the implication of double jeopardy Just a reference to it In the context of an argument that Look, you've already decided This is a lesser included offense Of another offense You see Supreme Court case law on this point How does that fairly give notice To the state court of What seems like a very different Double jeopardy claim That's now being raised That it's a violation of double jeopardy To base two offenses On what may have been What a jury could have found To be a single act In view of allegedly deficient Jury instructions Or a charging instrument Aren't those different double jeopardy claims? I don't, but I think Mr. Wilson was leading the same Double jeopardy claim That was being made in Anderson Anderson was also a case Where the charges were attempt murder And aggravated assault And Mr. Wilkerson was also making The argument that his conviction For aggravated assault Could not be punished separately Because it was part of The attempt murder conviction But that's just a blockburger That is a blockburger test And that's the superior court Acknowledging, recognizing That that's the test That the states are using too For a merger analysis That only goes to the definition Of when is a lesser And greater included offense A merger problem And a double jeopardy problem The claim that's being raised now Is not whether these are As statute should be merged Or whether one is a lesser Included offense of another It's a much more complex And nuanced double jeopardy claim About what the right test is To ascertain whether something Is one act or two acts And in the realm of the trial record What are the parts of that record That one can permissibly rely on To determine if you have one or two acts How were those questions Fairly presented to the state court? Mr. Wilkerson's obligation Was to fairly present The double jeopardy claim To the state court That his two convictions That his separate punishment For the aggravated assault conviction Violated double jeopardy His appellate brief Said that his That he couldn't be punished Separately for the aggravated assault It relied for that on merger And on Anderson Which said blockburger But that it exhausts The double jeopardy claim Exhaustion doesn't require A petitioner to make Every single permutation Of an argument in state court It requires the petitioner To put the state court on notice That a constitutional claim Is being litigated And under NARA And also under McCandless Mr. Wilkerson articulated A constitutional claim In terms specific enough That he could not be punished Separately for this offense Because it was a lesser included offense Of his attempted murder conviction That is what a double jeopardy claim is And the way that a court Gets to decide And I would love to talk about Ash And we can talk about the merits The way that a court decides that Is not a question of whether You've exhausted Your double jeopardy argument It's how the court Handles the double jeopardy argument So an indication of A constitutional right Or a clause of the constitution Should we deem sufficient To put the state court on notice Of all the different claims That could be raised For that provision? I guess I'm not fully understanding All the different claims That you think might be raised You're claiming that He can't be punished twice For the same offense That's a double jeopardy claim And a murder claim I don't think it's An unusual permutation Of a double jeopardy claim I'm sorry I'm not getting Let me try it one more way It appears that the argument That was made to the Superior Court Was simply Look, the Pennsylvania Supreme Court Already decided in Anderson That this is a lesser included Aggravated assault Is a lesser included offense Of attempted murder You can't convict someone Or both for the same act And it cites Anderson Which relies on Blockberger For the proposition Of these things Looking to elements To determine If it would be A double jeopardy violation too The answer The assumption To that argument Was that there was one act And the answer That the state court Gives in its opinion Is simply We recognize That would be A double jeopardy problem If we were presented with it But we're not We don't even have to Address double jeopardy Because this case Involves two acts That's a very simple Double jeopardy argument That was raised The court answered it In a very simple way And now On federal habeas There's a What seems like A very different And very interesting But different claim That's being raised About how is it That we go about defining Whether something is one or two acts Which require Under double jeopardy law To ascertain that And what kind of evidence Can you rely on In the state trial record To make that determination Right Aren't those different claims Under double jeopardy I don't think There are different claims Under double jeopardy I think It requires A particular analysis But I think For exhaustion purposes They're not different claims I think it's clear As noted From superior court opinions Superior court Well done On this Double jeopardy issue In fact Superior court mentioned Double jeopardy I think 718 And superior court said Looked at block burner And said When These convictions Are based on the same acts They violate double jeopardy When they're based On separate acts They don't This is separate acts That's Their double jeopardy Which is in other words Saying there really isn't A disagreement about the law We all know that Aggravated assault Is a lesser Inclusive offense Of attempted murder But there was A disagreement About the record Correct And If we can get To the merits Can you tell us Where the superior court Violated clearly   That the state Court record Was sufficient To support Separate crimes Right So this Is a Double jeopardy Issue And I think It's This is a Violation of Clearly established Federal law As we see in Block burner assault As we see in Asterisk of Swing burner Well hold on Hold on Because My fear is You're going to Cite cases That stand for Very general Propositions And we have to Be careful In EDPA We've been Cautioned many Times by the Supreme court To not Just cite General principles Of law I think In order for You to carry The day On a violation Of clearly Established law You have to Point us To a Supreme court Decision That says That the Superior court Wrongly Reviewed this Record And concluded That there Were separate Crimes for Aggravated assault And attempted Murder In the form Of a pistol Whipping on One hand And a Shooting on The other hand So as This argument Breaches There are Multiple factors That the Supreme court Cases look At In Ash Which has The most Factors The Supreme Court Looks at The charges The evidence The instructions And the Verdict And as Judge Krebs pointed Out It looks At The Totality Of the Circumstances Of the Record I do not Concede That the Superior court Here looked At the Totality Of the Circumstances Of the Record At all All I Can see From the Superior Court's Opinion Is that They looked At the Proficiency Of the Evidence But You look At the Record Right? I think It means You look At the Testimony The Commonwealth Case In the Light Most Favorable To The Commonwealth But Not the Jury Instruction No All Right How Do The Jury Instructions Help You Here Because One Jury Instruction Adverts To The Shooting And The Other One Doesn't Right The Jury Instruction Does Not Refer To A Fact Separate From The Shooting The Commonwealth Didn't Leave That Argument To The Jury The Instructions Did Not Leave That Argument To The Jury And Therefore There Is A Fair Probability That The Jury Was Misled Here What The Analysis Should Have Said Was The Superior Court Violated Clearly Established Supreme Court Law When It Determined That There Were Two Cases That The Superior Court Didn't Apply The Correct Constitution Analysis And Therefore The Review Was Plenary Here Or Whether We Look At It Through 2254 D1 Or Possibly D2 Or D3 Or D4 Or D5 Or D6 Or D7 Or D8 Or D9 Or D10 Or D11 Or D12 Or D13 Or D14 Or D15 Or D16 Or D17 Or D18        D22 Or D23 Or D24 Or D25 Or D26 Or D27 Or D28 Or D29 Or D30 Or D31 Or  Or          Or D38 Or D39 Or D40 Or D41 Or D42 Or D43 Or D44 Or D45 Or D46    D48   Or D50 Or D51 Or D52 Or D53 Or D54 Or D55 Or D56 Or D57 Or D59 Or D60 Or D62 Or D63         Or D78 Or D79 Or D98 Or D99 Or D10 Or D11 Or D12 Or D13 Or D14 Or D15 Or          Or D22 Or D23 Or D24 Or D25 Or D26 Or D27 Or D28 Or D29 Or D29 Or    Or   D11 Or D16 Or D18 Or D9 Or D13 Or D14 Or D15 Or D16 Or D9 Or D11 Or D12 Or D13 Or    Or D16 Or D17 Or D18 Or D19 Or D20 Or D21 Or D22 Or D23 Or D24 Or D25 Or D27 Or D28 Or D29 Or  Or D40   Or D42 Or D43 Or D44 Or D45 Or D46 Or D47 Or D48 Or D48 Or D49 Or D50 Or D11 Or D12 Or D13 Or D14 Or D15 Or D16 Or D17 Or D18 Or D19 Or D19 Or D20 Or D20 Or D19 Or  Or   D23 Or D24 Or D25 Or D27 Or D34 Or D33 Or D4 Or D5 Or D6 Or D7 Or D8 Or D9 Or D10 Or D11 Or D12 Or D13 Or D14 Or D15 Or D16 Or D17 Or D18 Or D19 Or D20 Or D21 Or D22 Or D23 Or D14 Or D15 Or D16         Or D21 Or D23 Or D24 Or D25 Or D25 Or D25 Or D24 Or D25 Or D27 Or D28 Or D29    D30 Or D31  D32 Or D33 Or D34 Or D35 Or D36 Or D37 Or D38 Or D39 Or D39  D40 Or D41         Or D46 Or D47 Or D48 Or D49 Or D50 Or D50 Or D50 Or D50 Or D52  D11 Or D13 Or   D15 Or D14 Or D15 Or D15 Or D16 Or D17 Or D18 Or D19 Or      Or   D24 Or D25 Or D26 Or D27 Or D28 Or D29 Or D30 Or D31 Or D32 Or D31 Or            Or D43 Or D44 Or D45 Or D46 Or D47 Or D48 Or D49 Or D50 Or    Or D7 Or  Or D10 Or D11 Or D12 Or D13 Or D14 Or D15 Or D16 Or D17 Or D18 Or D19 Or D19 Or D20           Or D26 Or D27 Or D27 Or D28 Or D29 Or D29 Or D29 Or D29 Or  Or D20 Or D21 Or D22 Or D23 Or D24 Or D25 Or D96 Or DT Or D28         D31 Or D32 Or D33 Or D34 Or D35 Or D36 Or D37 Or D39 Or D42 Or D43 Or D44 Or     D7 Or D8 Or   D10 Or D11 Or D12 Or D13 Or D14 Or D15 Or D16 Or D17 Or D18 Or D19 Or D21       Or D4 Or D3 Or D5 Or D6 Or D7 Or D8 Or D9 Or D9 Or D10 Or        Or D15 Or D16 Or D17 Or D18 Or D19 Or D21 Or D22 Or D23 Or D24 Or D22 Or D21          D18 Or D23 Or D6 Or D1 Or D2 Or D21 Or D21 Or D20 Or D28 Or D29 Or D30  D9 Or D10 Or D11 Or D15 Or D16 Or D17 Or D18 Or D19 Or D20 Or     D23  D24 Or D23 Or D25 Or D26 Or D27 Or D27 Or D27 Or D28 Or D29 Or D10 Or D10          D15 Or D16 Or D17 Or D18 Or D19 Or D18 Or D19 Or D21 Or D19 Or D21 Or D21 Or D22 Or D33 Or D34 Or D35 Or D35 Or D36 Or D37 Or D38 Or D39 Or D40 Or D41 Or D42 Or D43 Or D44 Or D55 Or D66 Or D7 Or  Or D10  D11 Or D12 Or D13 Or D14 Or D15 Or D16 Or D17 Or D18 Or D19 Or D20 Or D21       Or D25  D26 Or D27 Or D28 Or D29 Or D30 Or D31 Or D32 Or D33 Or D34 Or D35 Or      Or D39 Or D41 Or D42 Or D43 Or D44 Or D45 Or D46 Or D47 Or D48 Or D49   Or    Or D54 Or D55  D56 Or D57 Or D58 Or D59 Or D60 Or D61 Or D62 Or D63 Or D64 Or D7 Or D8  D9      D12  D13 Or D14 Or D15 Or D16 Or D17 Or D18 Or D19 Or D20 Or   D21 Or D22 Or    Or D25  D26 Or D27 Or D28 Or D29 Or D30 Or D31 Or D32 Or D33 Or D34 Or D35     Or D38   Or D40 Or D41 Or D42 Or D43 Or D44 Or D45 Or D46 Or D47 Or D48 Or D49 Or D49 Or           D55 Or D56 Or D57 Or D58 Or D59 Or D60 Or D70 Or D71 Or D1 Or   D3 Or       D3 Or D4 Or D5 Or D7 Or D8 Or D9 Or D10 Or D11 Or D12      D15  D16 Or D17 Or D18 Or D19 Or D20 Or D21 Or D22 Or D23 Or D24 Or D25 Or D26 Or    Or     D42 Or D43 Or D44 Or D75 Or D46 Or D57 Or D59 Or D60 Or D67 Or D73 Or  Or D9 Or       D13 Or D12 Or D14 Or D15 Or D16 Or D17 Or D18 Or D19 Or  Or           D25 Or D26 Or D27 Or D28 Or D29 Or D30 Or D31 Or D32 Or D32  D33           Or D39 Or D40 Or D41 Or D42 Or D43 Or D44 Or D45 Or D46 Or D47  D48 Or D49 Or D51 Or D52    D54 Or D55 Or D66 Or D7 Or D8 Or D9 Or D10 Or D11 Or D12 Or      Or   D17 Or D18 Or D19 Or D20 Or D21 Or D22 Or D23 Or D24 Or D25 Or  D26 Or D27  D28 Or        Or D33 Or D34 Or D35 Or D36 Or D37 Or D38 Or D39 Or D40 Or D41 Or D42 Or D43    D45 Or D46 Or D47 Or D48 Or D49 Or D50 Or D50 Or D50 Or D50 Or D50 Or D47 Or       D49 Or D50 Or D50 Or D29 Or D52 Or D33 Or D34 Or D35 Or D45 Or D27 Or D1 Or D2 Or      Or D6 Or D7 Or D8 Or D9 Or D10 Or D11 Or D12 Or D13 Or D14 Or  Or    Or D18 Or D19 Or D21 Or D22 Or D23 Or D24 Or D25 Or D26 Or D27 Or D28 Or D29 Or D29 Or           D44 Or D45 Or D46 Or D47 Or D48 Or D49 Or D50 Or D50 Or D51 Or D52 Or         D7 Or D7 Or D8 Or D9 Or D10 Or D11 Or D12 Or D11 Or D11 Or D11          D17 Or D18 Or D19 Or D19 Or D20 Or D21 Or D21 Or D21 Or  D21 Or   D15 Or D23 Or D24 Or D25 Or D27 Or D27 Or D27 D D Or D Or D 25 Or D 25 Or D 35 Or D